UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-23548

KARLA DE LA CARIDAD MARIN,

Plaintiff,

vs.

PASSION FOR CARE & SERVICES, INC. and
GELVIS SERRET,

Defendants.
_______________________________/

**COMPLAINT**

Plaintiff, Karla de la Caridad Marin, sues Defendants, Passion for Care & Services, Inc. and Gelvis Serret, based on the following good cause:

***Parties, Jurisdiction, and Venue***

1. **Plaintiff, Karla de la Caridad Marin**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was and is an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e) who consents to participate in this lawsuit.

2. **Defendant, Passion for Care & Services, Inc.**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

3. **Defendant, Gelvis Serret,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

5. All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims and pendent/supplemental jurisdiction over her related Florida law claims.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Ms. Marin worked in Miami-Dade County, where payment was to be received.

***Background Facts***

8. Defendants have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendants also communicate with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

10. Defendants maintain a website at http://passionforcare.org, which they use for not only promotional purposes, but in which they allow their workers to log in and perform work.

11. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

12. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13. In particular, Defendants own and operate an agency that provides therapy to patients at their home using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

14. Plaintiff worked in a non-exempt capacity for Defendants.

15. In particular, Plaintiff worked for Defendants as a behavioral therapist from approximately February 1, 2018 through July 12, 2018.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants.

17. Defendants agreed to pay Plaintiff at the rate of $23.00 per hour for each hour worked.

18. From approximately April 16, 2018 to June 29, 2018, Defendants required that Plaintiff perform work at a patient's home, and also required her to work an additional 10 or more hours per week doing paperwork at her own home.

19. In total, Plaintiff worked approximately 323 hours in the patient's home and another 110 hours outside of the patient's home from approximately April 16, 2018 to June 29, 2018, for a total of 433 hours.

20. Defendants failed and refused to pay Plaintiff *at all* for the 433 hours she worked from approximately April 16, 2018 to June 29, 2018.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

21. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIMUM WAGE VIOLATION**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

23. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours she worked from approximately April 16, 2018 to June 29, 2018.

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours worked from approximately April 16, 2018 to June 29, 2018 violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay her at least a minimum wage for all hours worked from approximately April 16, 2018 to June 29, 2018, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned from approximately April 16, 2018 to June 29, 2018.

25. Plaintiff is entitled to a back pay award of at least the applicable minimum wage for all hours worked from approximately April 16, 2018 to June 29, 2018, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Karla de la Caridad Marin, demands the entry of a judgment in her favor and against Defendants, Passion for Care & Services, Inc. and Gelvis Serret, after trial by jury and as follows:



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

**COUNT III – BREACH OF CONTRACT**
**(Against Passion for Care & Services, Inc.)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

26. Plaintiff and Defendant, Passion for Care & Services, Inc., agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate her at the rates set forth above, which amount(s) would be pro-rated for each portion of an hour worked.

27. Plaintiff performed under the parties' contract/agreement by performing work for Defendant, Passion for Care & Services, Inc., as aforesaid.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

28. Defendant, Passion for Care & Services, Inc., failed and refused to perform its obligation(s) to pay Plaintiff the agreed-upon rates for the 433 hours worked from approximately April 16, 2018 to June 29, 2018, thereby breaching the Contract.

29. Plaintiff has been damaged as a result of Defendant's failure to pay her the agreed-upon amount for each of the 433 hours she worked from approximately April 16, 2018 to June 29, 2018 by failing to pay her at all for these hours worked.

WHEREFORE Plaintiff, Karla de la Caridad Marin, demands the entry of a judgment in her favor and against Defendant, Passion for Care & Services, Inc., for all damages suffered in the amount of $9,959.00, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

**COUNT III – UNJUST ENRICHMENT**
**(Against Passion for Care & Services, Inc.)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

30. Plaintiff provided labor and services for Defendant, Passion for Care & Services, Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

31. Plaintiff expected to be paid a reasonable value for the labor and services she provided to and on behalf of Defendant, Passion for Care & Services, Inc.

32. Defendant, Passion for Care & Services, Inc., was unjustly enriched in that it accepted the benefits of the work performed by Plaintiff, but yet failed and refused to make payment to Plaintiff for such benefits.



7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Karla de la Caridad Marin, demands the entry of a judgment in her favor and against Defendant, Passion for Care & Services, Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 30th day of August, 2018.

Respectfully Submitted,

FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel: 305.230.4884
Fax: 305.230.4844

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com