UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23548-CIV-ALTONAGA/Goodman

**KARLA DE LA CARIDAD MARIN**,

    Plaintiff,
v.

**PASSION FOR CARE & SERVICES, INC.**
and **GELVIS SERRET**,

    Defendants.
_____/

### ORDER

**THIS CAUSE** came before the Court on the parties' Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice [ECF No. 46], filed November 30, 2018. The parties seek the Court's approval of their proposed Settlement Agreement and Mutual General Release (*see* Mot. 46-1)[1] (the "Agreement"), which includes a provision for the award of attorney's fees. The Court has carefully considered the Motion, Agreement, Plaintiff's counsel's Invoice [ECF No. 46-2], record, and applicable law.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of

---

[1] The Agreement contains a confidentiality provision. (*See* Agreement ¶ 10). Where the Court must approve a settlement, the agreement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *Id.* at 928. Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.

the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

Under the terms of the Agreement, the parties have agreed to settle this lawsuit for $19,000.00. (*See* Agreement ¶ 2). That total breaks down as follows: (1) $4,500.00 to Plaintiff, Karla De La Caridad Marin, which is comprised of $3,000.00 in satisfaction of her unpaid wages and $1,500.00 in liquidated damages (*see id.* ¶ 2(a)); and (2) $14,500.00 in attorney's fees and costs for Plaintiff's counsel (*see id.* ¶ 2(b)).

First, the Court rejects the settlement because it fails to divide Plaintiff's award equally between unpaid wages and liquidated damages. The FLSA states employers who violate its provisions must pay employees unpaid wages and an equal amount in liquidated damages. *See*

29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). To comply with the FLSA, then, a proposed settlement must be apportioned equally between unpaid wages and liquidated damages. *See id.*

While the Court may in its discretion excuse non-payment of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the FLSA] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]" (29 U.S.C. § 260 (alterations added)), Defendants have made no such showing here.[2]

Second, the Court finds the requested attorney's fees and costs excessive, absent better explanation. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted). Indeed, in determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (internal quotation marks and citation

---

[2] The conclusory assertion that "Defendants believed that they acted in good faith" (Mot. 4), is insufficient to make such a showing.

omitted). Finally, "[w]hile there is no per se rule of proportionality, *City of Riverside v. Rivera*, 477 U.S. 561, 573–574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request." *O'Neal v. Eagle Marine Contracting, LLC*, No. CV 16-00401-KD-B, 2017 WL 6759423, at *9 (S.D. Ala. Aug. 2, 2017) (alteration added).

Plaintiff's counsel is requesting attorney's fees and expenses of $14,500.00 — an amount that far exceeds Plaintiff's $4,500.00 award. Plaintiff's counsel's high request for attorney's fees in this straightforward FLSA case — without substantial motion practice — appears unreasonable. *See Silva* 307 F. App'x at 351 (affirming district court's rejection of forty percent contingency fee agreement in settlement of FLSA case). Moreover, some of the time entries in the Billing Statement appear to be duplicative or overstated. The Court finally notes the Motion fails to include an affidavit supporting the hourly rate of $425.00.

As the Agreement fails to apportion Plaintiff's award equally between unpaid wages and awards an unreasonably high amount of attorney's fees to Plaintiff's counsel, the Court cannot find the Agreement fair and reasonable.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 46] is DENIED without prejudice**. Plaintiff shall file an amended Motion and Agreement addressing the deficiencies outlined in this Order by **December 10, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of December, 2018.

_____
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record