UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23548-CIV-ALTONAGA/Goodman

**KARLA DE LA CARIDAD MARIN**,

    Plaintiff,
v.

**PASSION FOR CARE & SERVICES, INC.**
and **GELVIS SERRET**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Karla De La Caridad Marin's Motion to Reconsider Approval of Parties' Settlement Agreement [ECF No. 48]. Plaintiff asks the Court to reconsider the December 3, 2018 Order [ECF No. 47] denying without prejudice the parties' Joint Motion for Approval of Parties' Settlement Agreement [ECF No. 46]. The Joint Motion sought approval of the parties' proposed Settlement Agreement and Mutual General Release (*see* Mot. 46-1)[1] (the "Agreement").

When a private action is brought under the Fair Labor Standards Act, 29 U.S.C. sections 201 *et seq.*, as is this case, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Upon review of the record, the parties' basis for settlement of the FLSA case, including Plaintiff's Motion to Reconsider Approval of Parties' Settlement Agreement, the Court

---

[1] The Agreement contains a confidentiality provision. (*See* Agreement ¶ 10). Where the Court must approve a settlement, the agreement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *Id.* at 928. Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.

CASE NO. 18-23548-CIV-ALTONAGA/Goodman

finds settlement of this action is fair and reasonable and the requested fee is fair and reasonable and not grossly excessive. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Karla De La Caridad Marin's Motion to Reconsider Approval of Parties' Settlement Agreement **[ECF No. 48]** is **GRANTED** as follows:

1. The parties' Joint Motion for Approval of Parties' Settlement Agreement **[ECF No. 46]** is **GRANTED**.

2. The Settlement Agreement **[ECF No. 46-1]** between Plaintiff, Karla De La Caridad Marin, and Defendants, Passion for Care & Services, Inc. and Gelvis Serret, which has been duly filed as a record of the Court, is **APPROVED** as a fair and reasonable resolution of the parties' FLSA dispute.

3. This case is **DISMISSED with prejudice**, and all pending motions are **DENIED as moot**.

4. Beyond the terms of the Settlement Agreement, the parties shall bear their own attorney's fees and costs.

5. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Miami, Florida, this 6th day of December, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record